THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Greenwood Beach
 Associates, Appellant,
 
 
 

v.

 
 
 
 Charleston
 County Assessor, Respondent.
 
 
 

Appeal From Administrative Law Court
 Marvin F. Kittrell, Chief Administrative
Law Judge

Unpublished Opinion No. 2011-UP-084
 Submitted February 1, 2011  Filed
February 24, 2011    

AFFIRMED

 
 
 
 Watson Lee Dorn, of Greenwood, for
 Appellant.
 Joseph Dawson, III, Bernard E. Ferrara, Jr.,
 and Austin A. Bruner, all of N. Charleston, for Respondent.
 
 
 

PER CURIAM:  This appeal arises out of the finding by
 the Administrative Law Court (ALC) after a contested case hearing that
 Appellant Greenwood Beach Associates is not entitled to a school board
 operating tax credit for tax year 2007.  We affirm[1] pursuant to Rule 220(b), SCACR, and
 the following authorities:  S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2010)
 (stating the court of appeals may affirm the ALC if the decision is supported
 by substantial evidence on the whole record); S.C. Code Ann. § 11-11-156(C)
 (Supp. 2007) ("Revenues received by the county must be used to provide a
 property tax credit against the property tax liability for county operations on
 owner-occupied residential property classified for property tax purposes
 pursuant to Section 12-43-220(c)."); S.C. Code Ann. § 12-43-220(c)(2)(i)
 (Supp. 2010) ("To qualify for the special property tax assessment ratio
 allowed by this item, the owner-occupant must have actually owned and occupied
 the residence as his legal residence and been domiciled at that address for
 some period during the applicable tax year."); S.C. Code Ann. §
 12-43-220(c)(3) (Supp. 2010) ("[A] taxpayer may apply for a refund of
 property taxes overpaid because the property was eligible for the legal
 residence assessment ratio. . . . The taxpayer must establish that the property
 in question was in fact his legal residence and where he was domiciled.");
 S.C. Code Ann. § 7-1-25(A) (Supp. 2010) (noting that a person's residence is
 his or her domicile and a person can have only one domicile, which is a fixed
 home where he or she has an intention to return when absent).  
AFFIRMED.
HUFF, SHORT,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.